HARRIS, Judge.
Appellant, William L. Ross, Jr., timely appeals from a final order dismissing his action with prejudice. Ross owns a professional office building located in New Smyrna Beach. Appellee, the Department of Corrections, published an “Invitation to Submit Proposals” regarding a lease for office space in early 1995. Ross submitted the only proposal. The DOC rejected all bids, and Ross protested and requested an administrative hearing.
Instead of granting an administrative hearing, DOC forwarded his bid protest to DOAH to assign a hearing officer to conduct a formal hearing. The hearing was scheduled for March 14, 1995 in Tallahassee. Ross filed a motion to continue the hearing on the grounds that the notice of hearing did not comply with the fourteen-day notice requirement in section 120.57(l)(b), Florida Statutes [1] and because of a conflict with a previously scheduled case management conference in a condemnation case in Daytona Beach. DOC filed a response on March 9, 1995, objecting to the continuance and stating:
2. Respondent further believes that Petitioner can reschedule other obligations presently scheduled for March 14, 1995 and appear at hearing.
On March 13, 1995, Ross, who was still scheduled to appear in the circuit court the following morning, transmitted a letter by facsimile to DOC’s counsel restating his inability to attend the March 14 hearing due to the scheduling conflict. Counsel for DOC acknowledged receiving this fax. Even so, when the hearing officer inquired of counsel for DOC about her contact with Ross the day before the hearing, she replied:
He called me yesterday afternoon and stated that he would not be at the hearing today. He did not give me a reason why....
In ruling, the hearing officer indicated no awareness of the conflict between the scheduled hearing and Ross’s longstanding pretrial conference in a condemnation action in the Circuit Court in Volusia County, even though it had previously been raised by motion. Rather, the officer appeared to rely on the representation made by counsel for DOC and held:
I’m going to adjourn the hearing. Ms. Atchison, the petitioner has the burden to go forward and the burden of proof. By not appearing, Mr. Ross has failed to present any evidence in the ease, and I will enter an order indicating that the petitioner did not appear, did not go forward, did not carry his burden; and the matter will be discharged.
Without deciding whether the hearing officer abused his discretion when he refused to reschedule a hearing which he set in conflict with a previously scheduled hearing in the circuit court,[2] particularly when the party before him was a sole practitioner representing a landowner in a multi-party condemnation action, we reverse because we find that the hearing officer was misled by counsel for DOC. Counsel’s response to the hearing officer that Mr. Ross did not indicate why he would not attend the hearing is in conflict with his fax to her which stated:
That due to the prior conflict of hearings, I would not be able to be in Tallahassee at 10:00 A.M. on March 14.
Had the hearing officer been advised of this hearing conflict, he may well have (and we hope that he would have) accommodated Mr. Ross by rescheduling the hearing. The lack of cooperation and simple courtesies between attorneys in matters involving scheduling conflicts continues to amaze us.
Because the hearing officer was misinformed concerning the reason for Mr. Ross’s *1062 absence from the hearing, Mr. Ross may well have been denied his day in court. Since we do not know what the hearing officer would have ruled had the proper information been given him, we reverse for a new hearing.
REVERSED and REMANDED for a new hearing.
COBB and ANTOON, JJ., concur.

. We agree with the hearing officer that the 14-day notice requirement does not apply to the expedited hearing provided by section 120.53(5), Florida Statutes.

. Even though Aere is some indication in Ae record that Ais motion had been orally denied, we find no formal order in Ae file indicating Ae basis for any such ruling.